| | |
|---|---|
| NORTH CAROLINA ) | IN THE GENERAL COURT OF JUSTICE |
| ) | SUPERIOR COURT DIVISION |
| FORSYTH COUNTY ) | 2020 SEP 17 P 1:42   20 CVS 4268 |

FORSYTH CO., C.S.C.
BY ____ JM

DONNA ADAMS,

    Plaintiff,

vs.   **COMPLAINT**

FIRST HORIZON BANK, formerly d/b/a
FIRST TENNESSEE BANK, and ANNA
LONG,

    Defendants.

    Plaintiff, Donna Adams, complaining of the Defendants, says and alleges:

### I.

That at all times hereinafter mentioned, Plaintiff, Donna Adams, was and is a resident of Wilkes County, State of North Carolina.

### II.

That at all times hereinafter mentioned, First Horizon Bank, formerly known as First Tennessee Bank, is a bank and corporation organized and existing under the laws of Tennessee, and that it has places of business and it has its regional office in Winston-Salem, Forsyth County, North Carolina.

### III.

That at all times hereinafter mentioned, Defendant, Anna Long, was and is a resident of Buncombe County, North Carolina. That at all times relevant hereinafter Defendant, Anna Long was and is an employee and agent of Defendant, First Horizon Bank, formerly doing business as First Tennessee Bank.

# FIRST CAUSE OF ACTION
*Wrongful Discharge from Employment in Violation of Public Policy*

### IV.

That Plaintiff, Donna Adams, worked in the banking industry in North Carolina for approximately 43 years. That she worked for such banks as First Union Bank, Wachovia Bank & Trust Company, Wells Fargo Bank, First Community Bank and Capital Bank. During most of her career in banking, Plaintiff worked in banking management. In the latter part of 2017, while Donna Adams was working at Capital Bank, First Tennessee Bank acquired Capital Bank.

### V.

During her 43-year banking career, Donna Adams had an outstanding work record, and an excellent reputation in the banking industry and in her community.

### VI.

After First Tennessee Bank acquired Capital Bank in November 2017, Anna Long became Donna Adam's immediate supervisor. Anna Long was known by the bank's employees as Mandy Long, and is hereinafter referred to as (Mandy Long). Mandy Long was the Regional Sales Manager for the Bank.

### VII.

Beginning in early 2018 and continuing thereafter, First Tennessee Bank (now known as First Horizon Bank) engaged in a scheme, pattern, practice and modus operandi of age discrimination. This involved terminating older workers, who were older than 40 years of age. Most of those employees were in their 50s and early 60s. These employees were managers or supervisors who had excellent work records and excellent reputations in banking. Defendant

First Tennessee Bank used false and bogus reasons to justify those terminations. The real reason for this series of employment terminations was age discrimination.

## VIII.

That beginning in early 2018 and continuing throughout 2019, Donna Adams was subjected to age discrimination in her employment by First Tennessee Bank and Mandy Long. That such discriminatory conduct consisted of, but was not limited to, the following:

1. That Donna Adams brought a large amount of business into First Tennessee Bank. That she discovered that the Bank did not give her credit for that large amount of business; but rather gave the credit to a young manager who had nothing to do with bringing in that business. Said young manager did not have any prior bank lending experience. When Ms. Adams repeatedly inquired of the bank why this happened, she was given no explanation by the Bank, and the Bank did not correct the situation.

2. That Donna Adams was excluded from making presentations at quarterly managers' meetings. Younger and less experienced bank managers were allowed to make these presentations.

3. That Donna Adams was excluded from making presentations at weekly manager's conference calls. Younger and less experienced bank managers were allowed to make these presentations.

4. After the acquisition by First Tennessee Bank of Capital Bank, young managers in their 30s were sent to Memphis, Tennessee to visit the Bank's corporate offices. Despite repeated requests, Donna Adams was not allowed to go. The young managers had far less banking experience than she did.

5. That in 2018 and 2019, Mandy Long frequently made comments referring to Donna Adams' age; and Long frequently asked her when she planned to retire from the Bank.

IX.

That on September 20, 2019, Mandy Long falsely accused Donna Adams in writing of falsifying a bank record.

X.

That on September 20, 2019, First Tennessee Bank terminated the employment of Donna Adams based on an accusation of Mandy Long that Donna Adams had falsified a bank record. That the reason given for her termination was false and bogus. It was a pretext for the Bank's age discrimination.

XI.

That around May/June, 2019, upper management changed a bank form, and requested Donna Adams to re-do the original document using the new format. This was nothing more than a clerical matter. Donna Adams submitted the completed new form at that time pursuant to the request of upper management.

XII.

After Plaintiff was terminated from her employment by First Tennessee Bank, she later became aware that First Tennessee Bank also terminated a substantial number of outstanding bank managers, who were older employees, mostly in their 50s and early 60s; and that those older employees were replaced by younger managers, mostly in their 30s.

## XIII.

That the conduct described above in Paragraphs IV through XII constitutes wrongful discharge from employment in violation of public policy, pursuant to N.C.G.S. § 143-422.1 and 422.2 based on age discrimination. That at the time of Mrs. Adams' termination, First Tennessee Bank was and is one of the largest banks in the south; and it regularly employed more than 15 employees.

## XIV.

That First Tennessee Bank (now known as First Horizon Bank) terminated Plaintiff in violation of public policy based on age discrimination in that (1) Plaintiff was terminated, (2) she had a good employment record, (3) she was over the age of 40, i.e., she was at that time 59-years-old, and (4) she was replaced by a much younger employee, under the age of 40.

## XV.

That as a result of the wrongful discharge from employment in violation of public policy by First Tennessee Bank, Plaintiff has suffered actual damages, including past and future loss of wages and benefits, loss of enjoyment of life, both past and future, past and future mental and emotional distress, and past and future medical expenses, for a sum greater than Five Million Dollars ($5,000,000.00) against Defendant, First Horizon Bank.

## XVI.

That in addition to the foregoing damages, Plaintiff seeks punitive damages against Defendant, First Horizon Bank, in that its conduct as described above was willful and wanton, and Plaintiff is entitled to recover punitive damages for a sum greater than Twenty-Five Thousand Dollars ($25,000.00).

## SECOND CAUSE OF ACTION
*Libel*

### XVII.

That Plaintiff realleges the allegations in paragraphs I through XIV herein.

### XVIII.

That on September 20, 2019, Defendants published to third parties that Donna Adams had falsified a bank record, and that this publication was in writing. That said statement accusing Donna Adams of falsifying a bank record was false and defamatory; in that it tended to impeach the Plaintiff in her profession, and tended to subject the Plaintiff to ridicule, contempt and disgrace.

### XIX.

That the publication of said false and defamatory statement constitutes libel per se. That said publication was made recklessly and negligently.

### XX.

That by reason of the foregoing false and libelous statement, Plaintiff has been injured in her good name, in her profession, and brought into public disgrace, contempt, ridicule and infamy, and she has suffered and will suffer great worry, anxiety, past and future mental and emotional distress, embarrassment and humiliation, past and future loss of enjoyment of life, past and future loss of earnings and benefits, all to her damage, and Plaintiff is entitled to recover compensatory damages against the Defendants for an amount greater than Five Million Dollars ($5,000,000.00).

## XXI.

That in addition to the foregoing damages, Plaintiff seeks punitive damages against the Defendants, in that the publication of the false and libelous statement was published with actual malice and in total disregard of the truth, and Defendants' conduct was willful and wanton, and as a result, Plaintiff is entitled to recover punitive damages for a sum in excess of Twenty-Five Thousand Dollars ($25,000.00). Upon information and belief, the Regional Sales Manager, Mandy Long, and/or other managers of First Horizon Bank participated in the publication of the libel concerning Donna Adams.

### THIRD CAUSE OF ACTION
*Slander*

## XXII.

That Plaintiff realleges the allegations in Paragraphs I through XIX herein.

## XXIII.

Upon information and belief, on or about September 20, 2019, Defendants orally published to third parties that Donna Adams had falsified a bank record. That said oral statement accusing Donna Adams of falsifying a bank record was false and defamatory, in that it tended to impeach the Plaintiff in her profession.

## XXIV.

That the oral publication of said false and defamatory statement constitutes slander per se. That said publication was made recklessly and negligently.

## XXV.

That by reason of the foregoing false and slanderous statement, Plaintiff has been injured in her good name and in her profession, and she has suffered and will suffer great worry, anxiety,

past and future mental and emotional distress, embarrassment and humiliation, past and future loss of enjoyment of life, past and future loss of earnings and benefits, all to her damage, and Plaintiff is entitled to recover compensatory damages against the Defendants for an amount greater than Five Million Dollars ($5,000,000.00).

## XXVI.

That in addition to the foregoing damages, Plaintiff seeks punitive damages against the Defendants, in that the oral publication of the false and slanderous statement was published with actual malice and in total disregard of the truth, and Defendants' conduct was willful and wanton, and as a result, Plaintiff is entitled to recover punitive damages for a sum in excess of Twenty-Five Thousand Dollars ($25,000.00). Upon information and belief, the Regional Sales Manager, Mandy Long, and/or other managers of First Horizon Bank participated in the publication of the slander concerning Donna Adams.

**FOURTH CAUSE OF ACTION**
*Tortious Interference with Contractual Rights
against Defendant Anna Long*

## XXVII.

Plaintiff Donna Adams realleges the allegations in Paragraphs I through XXIV herein.

## XXVIII.

That Plaintiff Donna Adams had a valid oral contract of employment with First Tennessee Bank, which is now known as First Horizon Bank.

## XXIX.

That Defendant Mandy Long knew of the valid oral contract of employment between Plaintiff and First Tennessee Bank, and she intentionally induced First Tennessee Bank to terminate Plaintiff's employment for improper motives. That her improper motives involved age

discrimination. That Mandy Long's conduct in inducing the termination of Plaintiff's employment contract was based on discriminatory intent against Donna Adams; and Mandy Long did this solely with actual malice and legal malice and without legal justification; and in interfering with Plaintiff's oral contract of employment, Defendant Long caused injury and damage to Plaintiff.

## XXX.

That the facts alleged above constitute tortious interference with contractual rights against Defendant Long. By reason of said misconduct by Defendant Long, Plaintiff has suffered actual damages. That Plaintiff is entitled to recover compensatory damages for past and future loss of earnings and benefits; past and future mental and emotional distress; past and future loss of enjoyment of life; and past and future medical expenses, for an amount greater than Twenty-Five Thousand Dollars ($25,000.00).

## XXXI.

That the facts alleged above constitute actions by Defendant Long which were willful, wanton and in total disregard of Plaintiff's rights. That Defendant Long should be required to respond in punitive damages on account of said actions for a sum greater than Twenty-Five Thousand Dollars ($25,000.00).

## PRAYER FOR RELIEF

1. In the First Cause of Action, Plaintiff Donna Adams recover a sum in excess of Five Million Dollars ($5,000,000.00) in actual damages, and for punitive damages for an amount greater than Twenty-Five Thousand Dollars ($25,000.00) against Defendant, First Horizon Bank;

2. In the Second Cause of Action, Plaintiff Donna Adams recover in actual damages for a sum in excess of Five Million Dollars ($5,000,000.00), and for punitive damages in an

amount greater than Twenty-Five Thousand Dollars ($25,000.00) against all Defendants;

3. In the Third Cause of Action, that Plaintiff Donna Adams recover a sum in excess of Five Million Dollars ($5,000,000.00) in actual damages and in punitive damages for a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) against all Defendants;

4. In the Fourth Cause of Action, that Plaintiff Donna Adams recover a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) in actual damages, and in punitive damages for a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) against Defendant Mandy Long;

5. Plaintiff demands a trial by jury;

6. Pre-judgment interest;

7. The costs of this action; and

8. For such other and further relief as the Court may deem just and proper.

This 17th day of September, 2020,

/s/ Harvey L. Kennedy
Harvey L. Kennedy

/s/ Harold L. Kennedy, III
Harold L. Kennedy, III

**OF COUNSEL:**

Kennedy, Kennedy, Kennedy and Kennedy, LLP
301 North Main Street, Suite 2000
Winston-Salem, North Carolina 27101
Telephone: 336-724-9207
Facsimile: 336-724-5127
Email: harveykennedy@bellsouth.net
Email: harveykennedyiii@bellsouth.net